GENERAL COURT, MAY TERM, 1804.

## CONTEE *vs.* BEALL.

MAY 1804.

Contee
vs.
Beall.

DEBT on bond. The defendant having filed his plea at the last term, had a rule laid on the plaintiff to reply by the rule day, the 20th February last. At this term, the plaintiff not having filed his replication,

*Van Horn*, for the defendant, moved for a judgment of *non pros.* under the rule.

*Buchanan*, for the plaintiff, offered to enter a *general demurrer* to the plea, which was objected to by the defendant's counsel.

THE COURT. This court will receive the general demurrer, or any plea going to the merits, in order to prevent a *non pros.*

*A general demurrer, or any plea going to the merits, will be received at any time to save a non pros.*

# GENERAL COURT, MAY TERM, 1804.

## BUTCHER *vs.* NORWOOD.

DEBT upon an *appeal bond*, for prosecuting an appeal from a judgment of affirmance rendered in this court, to the court of appeals. *General performance* was pleaded, and the plaintiff replied the recovery of a judgment in *Baltimore* county court, on verdict, in an action of *assault and battery*, which was removed to and affirmed in this court, and also removed to and affirmed in the court of appeals. The general issue was joined. The question was whether, as the judgment had been affirmed in this court and in the court of appeals without interest, or damages by way of interest having been assessed in either of the courts, the plaintiff, upon the appeal bond, could recover interest from the time when the judgment was rendered in the county court?

*Where the court of appeals affirms a judgment of the court below, without awarding interest by way of additional damages, in an action on the appeal or writ of error bond, interest can be recovered only from the time of the affirmance.*

*On the affirmance of a judgment rendered in the court below in an action of assault and battery, interest by way of additional damages may be awarded.*